UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIFFANY PENDGRAFT,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., 300-400 PARK PLAZA DR INC, JOHN DOE 1-0 (fictitiously named), ABC Co. 1-10 (fictitiously named), and XYZ CORPORATIONS 1-10 (fictitiously named construction, maintenance, repair, and/or property management corporations),<br><br>Defendants. | Civil Action No.: 2:22-cv-02150<br><br>NOTICE OF REMOVAL |

Defendant, Walmart, Inc. (hereinafter referred to as "Defendant" or "Walmart"), by and through its undersigned counsel, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446. Walmart appears solely for the purpose of removal and for no other purpose, reserving all other defenses available to it. By way of providing the Court with the basis for Walmart's request for removal, Walmart respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Defendant Walmart in such action:

1. <u>State Court Action</u>. Plaintiff, Tiffany Pendgraft ("Plaintiff"), filed the above-captioned action against Defendant in the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, on or about March 8, 2022, in a matter pending as docket number HUD-L-000818-22. Copies of all process, pleadings, and orders received by Walmart are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

1

2. <u>Allegations in the Complaint</u>. In the Complaint, Plaintiff asserts claims against Defendants for negligence alleging that she was injured at a Walmart store in Secaucus, New Jersey on December 14, 2021 and she suffered severe and permanent injuries. The Complaint does not allege the amount of damages being claimed. <u>See</u> **Exhibit A**.

3. <u>Defendants</u>. In addition to Walmart Inc., Plaintiff also named 300-400 Park Plaza Dr. Inc., as a co-defendant. Other than fictitious defendants, no other defendants are named.

4. <u>Federal Court Subject Matter Jurisdiction</u>. 28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). 28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiff and Defendants, and in which the amount in controversy equals or exceeds $75,000.00.

The incident at issue in this action allegedly occurred at a Walmart retail store located in Seacaucus, New Jersey which is operated by Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited liability company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas. Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. The Complaint asserts that Plaintiff is a citizen of New Jersey.

Upon information and belief, Defendant 300-400 Park Plaza Drive, Inc. is a New Jersey company and has been served with the Complaint but has not appeared in this action to date. While

this defendant appears to be a New Jersey entity, Walmart submits that it was not properly named, and its joinder is fraudulent and asserted solely to avoid removal because:

    a.    The Complaint alleges that defendants owned, operated, maintained, managed, supervised and/or controlled the subject premises located at 400 Park Plaza Dr., Secaucus, New Jersey. (See **Exhibit A.**)

    b.    That premises is the subject of a Ground Lease dated December 6, 2002, between Hartz Mountain Development Corp., the predecessor to 300-400 Park Plaza Drive Inc., and Wal-Mart Real Estate Business Trust for a parcel of land in Secaucus, New Jersey for the construction and operation of a Wal-Mart Store. (See applicable portions of the Ground Lease attached hereto as **Exhibit B**.) Wal-Mart Real Estate Business Trust then entered into a sublease agreement with Wal-Mart Stores East, LP, for the use and improvements of the Walmart store on the premises. (See applicable portions of Sublease agreement attached hereto as **Exhibit C**.)

    c.    Under the terms of the Ground Lease, title to the buidlings and improvements on the land leased to Walmart remains with Walmart until expiration of the lease term. (**Exhibit B**, Ground Lease at § 6)

    d.    Plaintiff alleged that on December 14, 2021, she sustained injuries within the premises of the Walmart's Seacaucus, New Jersey store.

    e.    Furthermore, under the terms of the Ground Lease, Hartz Mountain Development Corp. (the predecessor to 300-400 Park Plaza Drive Inc.) has no contractual duty to repair or maintain the premises. (**Exhibit B**, Ground Lease at § 4.)

Based on the foregoing, Defendant, 300-400 Park Place Drive Inc., would not bear liability for any damages allegedly suffered by Plaintiff, and its presence should not prevent removal under the doctrine of fraudulent joinder. See, e.g. Hughes v. Ethel M. Chocolates, Inc., 2013 WL

1792172 (D. Nev. Apr. 25, 2013).  See also Geringer v. Hartz Mountain Dev. Corp., 388 N.J. Super. 392, 401 (Super. Ct. App. Div. 2006); McBride v. Port Auth. of N.Y. & N.J., 295 N.J. Super. 521, 526 (Super. Ct. App. Div. 1996).

Furthermore, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000.  (**Exhibit A**, Complaint). The Complaint alleges Plaintiff "was caused to sustain serious and permanent injuries, has suffered great pain, shock and mental anguish and was and still is incapacitated and will be permanently disabled and has in the past and will in the future be caused to expend substantial sums of money for needed treatment." (**Exhibit A**, Complaint, First Count at ¶ 5.)  On March 18, 2022, Defendant Walmart's counsel sent Plaintiff's counsel correspondence requesting that Plaintiff stipulate that Plaintiff's damages are less than $75,000. (Attached hereto as **Exhibit D** is a true and correct copy of the March 18, 2022 letter and its enclosure.) To date, Plaintiff has not returned the stipulation.[1]

While Defendant denies all liability to Plaintiff and denies that she is entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint and that Plaintiff has not returned the Stipulation as to Damages, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

Accordingly, for the reasons set forth above, Defendant Walmart respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the properly joined parties are of diverse citizenship and Plaintiff's claims exceed $75,000.

---

[1] A copy of the applicable documents were also sent to Plaintiff's counsel with the March 18, 2022 letter and Walmart requested that Plaintiff voluntarily dismiss the Landlord since the Lease documents demonstrate it has no liability here. Plaintiff has not responded to this request in the March 18 letter.

5. <u>Timely Filing</u>.  The Summons and Complaint was served upon the Walmart store on March 14, 2022.  While Defendant disputes that service has been effected to date, this Notice of Removal is nevertheless timely pursuant to 28 U.S.C. § 1446(b)(3) in that it is being filed within thirty (30) days of Defendant Walmart's receipt of the Complaint and the time within which it determined that damages exceeding $75,000 are being alleged due to Plaintiff not returning the Stipulation as to Damages.

6. <u>State Court Documents Attached</u>. Copies of all process, pleadings and orders received by Defendant are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

7. <u>Proper Venue</u>.  Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, the forum in which the removed action was pending.

8. <u>Notice to Plaintiff and State Court</u>.  Promptly upon filing this Notice of Removal with this Court, Walmart, through its undersigned counsel, will give written notice hereof to Plaintiff, per her counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

9. <u>Co-Defendants</u>.  The only other non-fictitious defendant named in this action is 300-400 Park Plaza Drive Inc. To the extent it was not properly joined in this action, its consent for removal is not required.

10. <u>Relief Requested</u>.  Defendant respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, to the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendant, Walmart, Inc., hereby removes this action, currently pending as Docket Number HUD-L-000818-22 in the Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

Dated: April 13, 2022

/s/ Nada M. Peters
Nada M. Peters, Esq.
Michael C. DeBenedetto III, Esq.
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Attorneys for Defendant, Walmart, Inc.

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Hudson County, which is the subject of this Notice of Removal, the matter in controversy, to the best of the Attorneys for Defendant, Walmart Inc.'s knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

Dated: April 13, 2022                                      /s/ Nada M. Peters
                                                                            Nada M. Peters, Esq.